KIDD *v.* STATE.*

(Division B. Dec. 8, 1924; Suggestion of Error overruled Jan. 3, 1925.)

[102 So. 68. No. 24555.]

1. INTOXICATING LIQUORS. *Evidence held sufficient to sustain conviction for unlawful manufacture.*

Evidence that a person was at a still being then operated, and moving around the still with something in his hand, coupled with a confession, voluntarily made, that he was in the employ of the owner of the still, working for wages at the time, is sufficient to authorize a conviction of the manufacture of intoxicating liquor.

2. INFANTS. *Accused, under sixteen years old when felony committed, may be sent to county jail, instead of penitentiary.*

Under section 1513, Code of 1906 (section 1271, Hemingway's Code), providing that, when the court shall be satisfied that a person, who has been found guilty of a felony not capital, is not more than sixteen years of age, the punishment imposed may, in the discretion of the judge be imprisonment in the county jail

not exceeding one year, instead of imprisonment in the penitentiary, a person under the age of sixteen years when the felony was committed may be, in the discretion of the trial judge, sent to the county jail, instead of to the penitentiary.

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 502; 2. Infants, 31 C. J., section 245.

APPEAL from circuit court of Lauderdale county.

HON. C. C. MILLER, Judge.

John Kidd was convicted of the unlawful and felonious manufacture and distillation of intoxicating liquor, and he appeals. Affirmed

*R. F. Cochran,* for appellant.

There is a grave doubt in our minds as to whether the appellant is guilty under the evidence in ths case. It is true that the appellant was at the still, and it is, also, true that John Wilson was there and received a death wound, as well as Jim Maxie and Ernest Turnage, who have already been convicted and sentenced to the penitentiary for this crime, but nowhere does the evidence in this case, disclose the fact that appellant did anything toward aiding or assisting in the making of, whiskey at this still. His presence there was not a crime under the evidence in this case and the law announced in *Crawford* v. *State,* 97 So. 534; *Cook* v. *State,* 94 So. 161.

The instruction granted the state, in our opinion, should have been refused, for the reason that it left the jury to decide whether appellant was there at the still for the purpose of aiding or assisting in the making of whiskey without any evidence on which to base such a conclusion. There is no evidence that appellant intended to help make whiskey or that he made known to anyone any such intention; then, why grant such an instruction on a mere conclusion? *Crawford* v. *State, supra.*

*Harry M. Bryan,* Assistant Attorney-General, for the state.

The record shows that appellant testified that he was over fourteen years old at the time of his arrest. Possibly the argument of lack of age might bear fruit with a jury and influence the trial court in fixing sentence, but we doubt if it should be persuasive on appeal. Counsel for appellant cites the *Crawford case,* 97 So. 534, in which this court has held that in order for one to be convicted as an aider or abettor in the manufacture of whiskey, he must do more than merely be present at the commission of the crime, but we respectfully submit that the overt acts described by the officer, Buchanan, who was an eye-witness, coupled with the establishment of the *corpus delicti* and confession of appellant fully and completely made out the state's case. The jury, taking as true the case made out, and rejecting evidence offered by the defendant, the verdict of guilty followed.

Counsel complains of the instruction granted for the state and says that there was no evidence adduced upon which it could be properly predicated. For the reason above shown the giving of this instruction was no error. We should like for the court to remember in reading the record that no objection was made as to the admissions of the confessions or statements of appellant. Even in the absence thereof, the court by proper interrogation found that they were free and voluntary, and therefore, competent. We are somewhat in doubt as to just what position we should take in regard to the question raised by appellant as to his sentence. Appellant complains of his being sentenced to serve a term of six months in the county jail and since that section 18 of chapter 189 of the Laws of 1918, under which he was tried, prescribed that for such offense, the defendant shall be sentenced by the court to a term of not exceeding three years in the state penitentiary. We cannot take issue with appellant on what the statute prescribes as to punishment

but we do fail to see just how there was prejudicial error resulting from the court's sentencing him to the county jail instead of the penitentiary. *Keel* v. *State,* 97 So. 521, 8 R. C. L. 237; *Pressly* v. *State,* 114 Tenn. 534, 86 S. W. 376, 108 Am. St. Rep. 921; 69 L. R. A. 291; and *State* v. *Feilen,* 70 Wash. 65, 126 Pac. 75, Ann. Cas. 1914B, 512; 41 L. R. A. (N. S.) 418.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted at the August term, 1922, of the circuit court of Lauderdale county, for the unlawful and felonious manufacture and distillation of intoxicating liquor. The offense was said to have been committed on April 15, 1922, when the prohibition enforcement officers made a raid upon a still being operated in Lauderdale county, Miss. The officers testified that they came up to the place where the still was in operation, having two boilers, and that they got within twenty to twenty-five yards of the still, and saw five or six men there; this boy, John Kidd, being one of them. They saw the boy go from where the whisky was running at the worm, back close to where the fire was, and stoop over there, and that he had something in his hand; that at about that time some one shot in the thicket, and the officers rushed in and caught the boy; that the still was in full operation, and fifteen to eighteen gallons of whisky were captured.

The boy was carried to Meridian, and was asked by the prohibition officer what he was doing making whisky, that he was mighty young to be engaged in that business, and that the boy said to him that the still was not his, but belonged to Mr. Turnage, and that all he was getting out of it was one dollar a day. This confession was testified to by two prohibition officers. The boy testified that he had nothing to do with the still; that he was not engaged in the business, and was not in the employment of Mr. Turnage, but that he worked for another man by

the name of Turnage on a farm nearby. The boy's
mother testified that she hired him to the other Mr.
Turnage, and that he did not work for the Turnage who
ran the still. Turnage, the owner of the still, prior to
this trial had been convicted of distilling and sentenced
to the penitentiary, and testified in this case in behalf
of the defendant, stating that the boy had nothing to do
with the still and was not employed by him. The de-
fendant was convicted and sentenced to the county jail,
instead of the penitentiary.

It was insisted, first, that the evidence was insufficient
to sustain the conviction. We think the evidence is ample
to establish the *corpus delicti,* that the boy was present,
and to establish his confession as to his participation
in the manufacture, and that the conviction must be up-
held, and when the *corpus delicti* was established, the
confession and the fact of his being present is sufficient
to convict him.

It was next insisted that the court erred in sentencing
the boy to the county jail instead of to the penitentiary,
and that the act of the legislature defining offenses pre-
scribes the punishment as imprisonment in the peniten-
tiary. There was a recommendation by the jury of mercy
on account of the youth of the defendant. It appears
from the evidence that the defendant at the time of the
offense was fourteen years of age, and that at the time
of the trial, which was a little more than two years after
the commission of the offense, that he was seventeen
years of age.

Section 1513, Code of 1906 (section 1271, Hemingway's
Code), reads as follows:

"When the court shall be satisfied that a person who
has been found guilty of a felony not capital is not more
than sixteen years of age, the punishment imposed may,
in the discretion of the court, be imprisonment in the
county jail not exceeding one year, instead of imprison-
ment in the penitentiary."

In our view, this section is intended to mitigate the
punishment for offenses committed by youth under six-

teen years of age, and this section must be construed in
connection with all other sections defining punishments
for felonies less than capital, and authorized the judge
in his discretion to sentence such offenders to the county
jail not exceeding one year rather than to the peniten-
tiary.   This was evidently the view of the trial judge,
and the judgment will be affirmed.

*Affirmed.*